BENECKE, Appellant, v. WELCH et al.

Division One, March 29, 1902,

**Injunction:** MULTIPLICITY OF SUITS: ACCRETIONS: COUNTY'S TITLE: EQUITY. One who is in possession of lands claiming them as accretions to other lands which he states in his petition were never washed away by the action of the river, is entitled to an injunction against the county court, which, under the belief that the lands belong to the county under the Act of 1895 concerning avulsion lands, is proceeding to have them surveyed with a view to selling them to various parties. And in such case, a petition which alleges ownership and possession in plaintiff, that the lands are accretions to his riparian lands, and that the court is threatening to have them surveyed and sold, thus casting a cloud on his title and subjecting him to numerous lawsuits, is sufficient to authorize an equity court to proceed to de-

termine the whole controversy as to the right of the county to proceed under said act to have them sold for the use of the school fund. If they are accretions, the county has no interest in them; if they are avulsion lands, they belong to the county.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

REVERSED AND REMANDED *(with directions).*

*Kinley & Kinley* and *F. C. Sasse* for appellants.

(1) Every fact pleaded in plaintiffs' petition was admitted by the demurrer to be true, hence, the only question is, did the petition state sufficient facts, which, if true, would entitle plaintiffs to the relief prayed. Dodson v. Lomax, 113 Mo. 555; McKinzie v. Matthews, 59 Mo. 99; Butler v. Lawson, 72 Mo. 227. (2) The lands described in plaintiffs' petition and designated by numbers are alleged to belong to plaintiffs and to be in their possession; the other lands, the sale of which is asked to be enjoined, are averred to be lands that have formed by accretion to the lands belonging to plaintiffs, and it follows that the accretions take the same character of title as the lands to which they are accreted. Campbell v. Gas Co., 84 Mo. 353. Besides, the petition alleges that the plaintiffs own all these lands which includes the accretions, and that they are now and have for the past thirteen years been in the actual, open, notorious and adverse possession of all said lands; these facts being conceded, plaintiffs have the right to prevent a cloud being cast on their title. (3) The threatened sale of real estate under apparent legal proceedings, by which a cloud would be cast on the real title to said land, and to remove which would require evidence *dehors* the record, can be prevented by injunction. Sayer v. Thompson, 23 Mo. 443; Lockwood v. St. Louis, 24 Mo. 47; Fowler v. St. Joseph, 37 Mo. 228; Leslie v. St. Louis, 47 Mo. 474;

Vogler v. Montgomery, 54 Mo. 577; Harrington v. Utterback, 57 Mo. 519; Martin v. Jones, 59 Mo. 183; s. c., 72 Mo. 26; Bank v. Kansas City, 73 Mo. 555; Warrensburg v. Miller, 77 Mo. 56; Bank v. Davidson, 40 Mo. App. 421.

*Dempsey & DeMoss* for respondents.

(1)   In seeking to enjoin respondents in the discharge of an official duty, appellants are required to recite facts sufficient to entitle them to the relief demanded.   Perkins v. Adams, 132 Mo. 131; Naylor v. Cox, 114 Mo. 232; Rees v. McDaniel, 115 Mo. 145; Kahn v. Dawson, 134 Mo. 581; Cox v. Arnold, 129 Mo. 337; Cooley v. Golden, 117 Mo. 33; McBaine v. Johnson, 155 Mo. 191; Moore v. Farmer, 156 Mo. 33.   (2)   When appellants went into possession of said lands they are presumed to have known that the title to same was vested in the State, for the use and benefit of the public schools.   The statutes of limitations do not apply to the State holding lands in trust for a public use.   Adkinson v. Tomlinson, 121 Mo. 487; Wilkerson v. Eider, 114 Mo. 225; Crispen v. Hannaven, 50 Mo. 536; R. S. 1899, secs. 67, 72; Ins. Co. v. St. Louis, 98 Mo. 422.   (3)   Appellants are contending for legal rights.   This contention must be settled at law. 20 Conn. 532; 54 Pa. St. 183.   Party must exhaust his remedies at law before injunction will lie.   42 Mo. App. 77; 31 Mo. App. 421; 103 Mo. 314.

VALLIANT, J.—This is a suit in equity to enjoin defendants from taking certain threatened action which plaintiff alleges will cast a cloud on his title to certain land and involve him in a multitude of lawsuits.

The petition shows that plaintiff, in his own right, and as surviving partner of a firm, is the owner and in possession of certain lands fronting the Missouri which were formerly in Saline county, but which by action of the river were cut

off from Saline and attached to Chariton county, "and that there was formed and attached to the north and east side of said lands a large body of land by gradual and imperceptible accretion, extending over and across the former bed of the Missouri river, and the said original land, together with the accretions thereto, were for more than ten years prior to the bringing of this suit, "and still are, in the open and notorious possession of plaintiff," etc. Then the petition goes on to say that the defendants are the judges of the county court of Chariton county, and assuming authority under an act of the General Assembly entitled "An Act to grant certain lake and river-bed lands to the counties in which they are located for school purposes," approved April 8, 1895, have caused surveys to be made of the lands embraced in the accretions and are threatening to sell the same to divers persons, thereby casting a cloud on plaintiff's title and involving him in many lawsuits.

Upon the filing of the petition a temporary injunction was granted, but at the return term of the court the defendants filed a demurrer to the petition, which was by the court sustained, and plaintiff declining to plead further, final judgment was rendered for the defendants, from which the plaintiff appeals. There were nine grounds assigned for the demurrer, that is, the grounds for demurrer were enumerated under nine specifications, but they were all assignments in varying forms of only one ground, that is, that the plaintiff's remedy was at law and not in equity.

In the brief for respondents it is assigned as objection to the petition that it states conclusions and not facts, that it does not state facts from which it can be determined whether there was a gradual reliction and imperceptible receding of the river from its bed, or avulsion, or that the riparian lands were extended by gradual accretions, or that the riparian lands were an island in the river and extended by reliction, or that

would justify the conclusion that the river bed should attach to land in Saline rather than in Chariton county.

None of these alleged defects in the petition, however, were contained in the grounds assigned for the demurrer. It will be seen from the quotation from the petition above made that it does state that the land in controversy was formed by gradual and imperceptible accretions to the plaintiff's land until it extended over what was the former bed of the river. Any accretion to riparian land must extend over what was formerly the bed of the river. The petition is as definite in that respect as it could be made.

Respondents argue in their brief that the lands in dispute were simply the former bed of the river, from which the water has receded, and that as the river bed belonged, not to the riparian owner, but to the State, it passed under the Act of 1895 to the county. But that conclusion of fact can not be drawn from the face of the petition, the statements of which are to the contrary.

If it is the fact, as the plaintiff in his petition alleges, that the land in dispute is an accretion to his riparian land, then the action of the defendants in assuming that it is land that passed to the county under the Act of 1895, and on that assumption causing it to be surveyed and threatening to sell it to divers persons, casts a cloud on the plaintiff's title, and is liable to involve him in a multitude of suits. Under these conditions his is peculiarly a case for the interposition of an injunction and the adjustment of the differences in a court of equity. He is now, according to the petition, in the peaceful possession of his own, but if his territory is to be invaded, his title clouded, and he be forced to bring, or defend as the case may be, a number of lawsuits, then even if he maintains his rights at the end he will have suffered much wrong, and his remedy at law will have been far from adequate. It is to prevent such wrong and to afford adequate remedy that courts of equity entertain suits of this kind. If authorities to sus-

tain that proposition were needed they are amply furnished in the brief of appellant, but we deem it unnecessary to cite them. If the facts are as respondents contend they are in their brief, they should answer the petition and the court will try the issues.

Not only is the plaintiff entitled to have these questions settled in a court of equity before he is disturbed, but the interests represented by the defendants would also be promoted by that course. If the land in question is an accretion to the plaintiff's riparian land he should be left in its peaceful enjoyment, but if the facts are as defendants contend, they can best be shown in the trial of the issues tendered in the petition and the rights of all parties be settled by decree in equity and the whole controversy ended in one suit.

The judgment is reversed and the cause remanded to the circuit court with directions to overrule the demurrer.

All concur.