SARAH L. COLLINS, Plaintiff in Error, v. THE TOOTLE ESTATE, Defendant in Error.

Kansas City Court of Appeals, May 1, 1911.

1. **LANDLORD AND TENANT: Common Stairways: Injury to Adjoining Tenant.** Plaintiff, a tenant of an adjoining building, slipped and fell on a stairway which was covered with ice and snow. This stairway was used in common by, the tenants of the adjoining building, as well as by the occupants of defendant's building. The jury found that defendant had leased its entire building to a subtenant who had entire possession and control thereof; and also that it had not agreed to repair a hole in the roof through which melted snow fell to the steps below, and there froze. *Held,* that the rule that "where a landlord has a number of tenants in the same building, and maintains common stairways, porches, and other accessories for the use of such tenants, it is the duty of the landlord to keep them in a proper condition for safety," does not apply.

2. ———: ———: ———. Where plaintiff alleges that she was a tenant of an adjoining building, and as such a tenant had the right to use a common stairway, she can not avail herself of the rule that defendant owed a duty to strangers to keep the

stairway in a reasonably safe condition for use for the reason that this would be broadening the issues raised by the pleading.

3. ————: ——————: ————: Instructions. An instruction is erroneous which leaves entirely out of consideration the defendant's evidence that it did not have possession and control of its building, and had not contracted to repair a common stairway.

4. ————: ————: ————: ————. An instruction that "plaintiff admits that she knew the dangerous and slippery condition of the steps of the stairway upon which she fell, and . . . . that she is bound by such admissions," is erroneous in that it was a comment on the evidence, a singling out a particular part thereof, and may have controlled the verdict of the jury.

Error to Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*R. A. Brown* for plaintiff in error.

*Neville & Grier* and *Charles C. Crow* for defendant in error.

BROADDUS, P. J.—This suit was instituted against the Tootle Estate, a corporation, and Maggie Morris and others for negligence whereby plaintiff alleges that she was injured. The plaintiff at the close of the evidence dismissed as to the Morrises.

The Tootle Estate and the Morrises owned adjoining buildings situated on Francis street in the city of St. Joseph. The first floors of these buildings were used as stores; the rooms on the stories above were used for offices and for living purposes. Between these buildings was a stairway leading to the upper stories and which was used in common by the tenants and occupants of these upper rooms. The plaintiff's husband occupied the first floor of the Morris building and with his wife lived above on the second floor.

Plaintiff introduced evidence to the effect that the roof above the stairway had become out of repair and

Collins v. Tootle Estate.

had been in that condition for a long time prior to the 13th day of March, 1906, when a heavy snow fell which melted and ran through the roof to the steps below and would there freeze; that this condition continued for several days, the water dropping upon the steps and freezing all the while; that on said date, while the steps were covered with ice, she attempted to leave her room on the second floor and as she was descending with the greatest caution she slipped and fell; that several of the lower steps were entirely covered with ice over which she could not pass without stepping upon them. There does not seem to be any dispute but what there was ice and snow on the stairway steps which caused plaintiff to fall whereby she was injured.

Although the written lease of defendant to the original lessee only included the store room of its building, the evidence tended to show that the sub-tenant collected the rents from the occupants of the upper rooms and that he was in the possession and control of them also. Defendant's evidence tended to show that the condition of the steps was not the result of leakage in the roof, but was the result of snow that was blown in by the wind, which melted and was converted into ice by the cold. There was evidence that defendant's agent promised before plaintiff's injury to repair the roof over the stairway, but the agent denied that he had made such promise.

Among other instructions the plaintiff asked the court to instruct the jury as follows: "The court instructs the jury that if you believe from the evidence in this case that the roof of the stairway mentioned in evidence was old and worn and permitted water to leak through the same to the steps of said stairway, and that defendant knew or by the exercise of ordinary care could have known of the condition of said stairway, and you further believe from the evidence that said condition rendered said stairway dangerous to persons using same, and that plaintiff while in the

exercise of ordinary care was using said stairway, and on account of ice on said stairway caused by water dripping through said roof and freezing on said stairway, plaintiff was injured, then your verdict in this case must be for plaintiff."

"The court instructs the jury that if you believe from the evidence in this case that the defendant and the owners of the property adjoining on the west, erected and maintained the stairway mentioned in evidence for the purpose of ingress and egress to and from the second floor of the buildings on said property, and that tenants occupied the second floor of both of the said buildings and used said stairway in common and had used same for several years prior to the time of the injury complained of, and that plaintiff was the wife of Newton Collins, and that said Newton Collins was a tenant occupying living rooms on the second floor of the building on said property adjoining defendant's property on the west, and that defendant carelessly and negligently permitted the roof of said stairway to become out of repair so that water on the roof of same went through same to the steps and that the water was frozen on said steps at the times mentioned in evidence, and thereby rendered same dangerous for use, and defendant knew or by the exercise of ordinary care could have known of the condition of said stairway for a sufficient length of time to have repaired same prior to the injury complained of, if any, and did not do so, and you further believe from the evidence that while plaintiff was descending said stairway mentioned in evidence, and while in the exercise of ordinary care on her part, the ice on the steps of said stairway caused her to fall and she was thereby injured, then your verdict must be for plaintiff in this case." The court refused to so instruct. As instruction 20 given for defendant will require consideration we also insert it. It is as follows: "You are instructed that plaintiff admits that she knew the dangerous and

slippery condition of the steps of the stairway upon which she fell, and that she had known it for more than a day prior to the accident, and that she is bound by such admissions in this case."

The verdict and judgment were for the defendant and plaintiff appealed. In our opinion there are but two disputed questions in the case. First: was the defendant in possession and control of the upper rooms of his building, and as such, in control with the Morrises of the stairway? Second: Did it agree to repair the roof over the stairway so as to prevent leakage? The jury answered both of these questions in the negative.

It is the contention of plaintiff and conceded by defendant that: "Where a landlord has a number of tenants in the same building, and maintains common stairways, porches or other accessories for the use of such tenants, it is the duty of the landlord to keep them in proper condition for safety." [Andrews v. Bradley-Alderson Co., 117 Mo. App. 322; McGinley v. Alliance Trust Co., 168 Mo. 267.]

It is, however, insisted by defendant as the jury found that defendant had leased his entire building and was not in possession; and had not agreed to repair the roof in question the rule as stated does not apply. [Eyre v. Jordan, 11 Mo. l. c. 428.] This is undoubtedly the law. It is, however, insisted by plaintiff that defendant owed a duty to the plaintiff not only as a tenant but also as a stranger to keep the stairway in a reasonably safe condition for use. But this would be broadening the issue raised by the pleadings. But conceding that defendant would have been liable to a stranger for injury suffered by reason of the unsafe condition of the stairway, it could not avail plaintiff in any event as she was not a stranger, but as tenant of the Morris building, she had the right as such to use the stairway.

156 App.—15

There was no error in the refusal of the court to give said instructions one and three. The first leaves out of consideration entirely the evidence on the part of defendant, that it did not have possession and control of its building and had not contracted to repair said stairway. The second is subject to the same objection and to the additional one, viz.: That, if defendant had a tenant it would be liable provided the jury found that the stairway was unsafe, etc. This was as much as to say to the jury that notwithstanding defendant had leased its entire building to a single tenant and parted with all control, it would still be liable under the facts and circumstances in evidence.

The plaintiff contends that all of the defendant's instructions contain error, but fails to point out specifically in what particulars they are defective, except, that they are in conflict with her rejected instructions, one and three and except, that thirteen and twenty are erroneous for other reasons. The objection to thirteen is founded upon a misconception or misconstruction of the evidence.

Instruction number 20, should never have been given. The defendant had already asked nineteen instructions, eleven of which had been given and which had covered every theory of respondent's case. This instruction calls the attention of the jury to the fact that plaintiff admits that she knew the dangerous and slippery condition of the steps upon which she fell, and that she had known it for more than a day before she fell; and that she was *"bound by such admission."* It was a comment on the evidence, a singling out a particular part thereof, and telling the jury that plaintiff "was bound" thereby. There is no telling what effect it had on the jury. It may have controlled their verdict.

Again we call the attention of lawyers to the unjustifiable practice of asking numerous and unnecessary instructions which serves no good purpose and so often result in error. Reversed and remanded. All concur.