SARAH L. COLLINS, Appellant, v. TOOTLE ESTATE, Respondent.

Kansas City Court of Appeals, June 17, 1912.

1. **NEGLIGENCE: Injuries on Stairway.** Defendant and another owned adjoining two-story buildings having a common stairway leading to the second floor. Plaintiff was the tenant of the latter and was injured by a fall upon the stairway. The roof over the stairway leaked and ice accumulated upon the steps, and caused plaintiff to fall. Each owner claimed and was in possession of the roof over his building. Plaintiff's landlord, some time before the accident, put a new tin roof on its building, including the roof over half of the stairway, but this did not stop the leak. Water from the leak continued to fall principally from the middle of the stairway. *Held*, that as it was, under the evidence, as reasonable to infer that the

defect was in the roof of the adjoining building as that of the defendant, the demurrer to the evidence was properly sustained.

2. ———: **Demurrer to Evidence: Jury.** Where evidence presents two or more probable causes of an injury for one of which defendant would be liable and not for the others, the jury should not be allowed to make a capricious selection from such probabilities.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

AFFIRMED.

*G. L. Zwick* and *C. C. Crow* for appellant.

*R. A. Brown* for respondent.

JOHNSON, J.—Plaintiff commenced this suit against the Tootle Estate, a corporation, Maggie Morris and others to recover damages for personal injuries alleged to have been caused by the negligence of defendant. At the first trial plaintiff dismissed all of the defendants but the Tootle Estate. Issues of fact were submitted to the jury and a verdict for the remaining defendant was returned. Plaintiff appealed and we reversed and remanded the cause because of error in the instructions to the jury. [156 Mo. App. 221.] After the cause was returned to the circuit court plaintiff filed an amended petition in which she alleged that her injury was caused by the negligence of defendant in not repairing the roof over the stairway on which plaintiff fell and was injured and in not providing the stairway with a railing or handhold. In addition to a general denial the answer pleaded contributory negligence and the further defense that the negligence of which plaintiff complains, if it existed at all, was the negligence of defendant's lessee for which defendant should not be held accountable. The cause was tried a second time and at the conclusion

of all the evidence the court gave an instruction in the nature of a demurrer whereupon plaintiff took an involuntary nonsuit with leave and in due course of procedure brought the case here by appeal.

We shall state the evidence in its phase most favorable to the cause of action asserted. The Tootle Estate and the Morris Estate owned adjoining buildings on Francis street in St. Joseph. The buildings were alike in size and design, were two stories high and each was occupied by tenants. The Tootle building was in the possession of a tenant whose lease from defendant imposed no duty on defendant to keep the building in repair. This tenant used the first floor for business purposes and sublet the second floor for office and living rooms. The first floor of the Morris building was occupied by a tenant as a place of business and the second floor was occupied by plaintiff and her husband as tenants of the Morris Estate, and had been so occupied for five years or more before the injury. A common stairway about four feet wide ascending from Francis street to the second floor afforded the means of ingress and egress to the occupants of that floor. Half of this stairway was in the Tootle building and half in the Morris building. The buildings were old and the stairway had been there so long that we shall assume for the purposes of this case that the owner of each building had acquired a prescriptive right to the use of the whole stairway and that this right inured to the tenants of each. A flat tin roof covered both buildings and provided shelter for the stairway. No-part of this roof was owned in common. Each owner claimed and was in possession of the roof over his building to the property line dividing the two buildings and some two or three years before the injury the Morris Estate had put a new tin roof on its building including the roof over the half of the stairway that was on the Morris property. It appears that when plaintiff became a tenant of the Mor-

ris Estate the roof over the stairway leaked and it was partly on account of the complaint of plaintiff that the new roof was put on. This repair, however, did not stop the leaking of the roof, and ice which collected on the lower steps of the stairway in consequence thereof caused plaintiff to fall while descending the stairway and to sustain the injuries of which she complains.

We do not find it necessary to discuss the defense based on the fact that defendant's building was in possession of a lessee and shall treat the case as we would had defendant been in possession. Plaintiff endeavors to put herself in the role of a stranger using the stairway on the implied invitation of defendant, but it is obvious she cannot maintain such position. Her right to the use of the stairway was derived from her landlord, the Morris Estate, and her relation to defendant, so far as such use is concerned, in all respects was the same as that of her landlord. She had a prescriptive right to use the stairway—a right growing out of some sort of contractual relation between the owners of the two buildings at the time they constructed a stairway for their common use. Each owner assumed the obligation of providing a roof over the half of the stairway on his property and thereby became charged with the duty towards his co-owner of exercising reasonable care to provide a sufficient roof over that half of the stairway. A negligent breach of that duty by either owner would render him liable to respond to the other in damages for an injury resulting from such breach. That was the extent of the duty defendant owed the Morris Estate or its tenants. Consequently the burden was on plaintiff to plead and prove that the defect that caused the leak was in the roof maintained by defendant and we find the evidence entirely barren of such proof.

The evidence shows that the water from the leak fell principally on the middle of the stairway and it

is just as reasonable to infer that the defect which caused the leak was in the Morris roof and that its continuance after the replacement of that roof was the result of poor workmanship in making a juncture with defendant's roof as it is to infer that the defect was in defendant's roof. Plaintiff has left the cause of her injury in the domain of conjecture and has brought herself under the ban of the well settled rule that where evidence of the plaintiff presents two or more probable causes of an injury for one of which the defendant would be liable and for the others would not be liable, the jury should not be allowed to make a capricious selection from such probabilities.

These considerations compel the conclusion that the court properly sustained the demurrer to the evidence and relieves us from the task of considering other questions argued in the briefs.

The judgment is affirmed. All concur.